UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LASHAWN W. DISMUKE,<br>  Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:16cv1336(MPS) |
| C/S LONG, ET AL.,<br>  Defendants. | :<br>:<br>: |

## RULING ON PENDING MOTIONS

The plaintiff, LaShawn Dismuke, incarcerated and *pro se*, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Commissioner Scott Semple, Counselor Supervisor Long, Captain Colon, Warden Maldinado[1] and Kevin Roy. On December 20, 2016, the Court dismissed the claims for monetary damages against all defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2), the First Amendment and Fifth Amendment claims against all defendants in both capacities pursuant to 28 U.S.C. § 1915A(b)(1), and the Fourteenth Amendment and Eighth Amendment claims against defendants Roy and Semple in both capacities pursuant to 28 U.S.C. § 1915A(b)(1). The case proceeded as to the Fourteenth and Eighth Amendment claims against defendants Long, Colon, and Maldinado in their individual capacities with respect to damages and their official capacities with respect to declaratory and injunctive relief.

The following motions are pending before the Court: (i) Plaintiff's motion for appointment of counsel (ECF No. 16), (ii) Plaintiff's motion for extension of time to conduct discovery (ECF No. 18), (iii) Defendants' second motion for extension of time to respond to the

---

[1] The complaint names "Warden Maldinado" (ECF No. 1 at 1), but it may mean "Warden Maldanado," which seems to be the proper spelling of this defendant's surname based on other suits filed against that defendant in this Court. *See, e.g., Henry v. Maldanado, et. al*, 16-cv-449

complaint (ECF No. 20) and the supplemental statement in support of the second motion for extension of time (ECF No. 23), (iv) Plaintiff's "motion for extension nunc pro tunc" (ECF No. 21), (v) Plaintiff's motion for discovery, disclosure, and inspection (ECF No. 22), (vi) Defendants' motion to dismiss, and (vii) Plaintiff's motion to amend the complaint (ECF No. 27). As explained below, the Court hereby GRANTS the [20] second motion for extension of time and DENIES the remaining motions.

I. **Defendants' Motions for Extension of Time to Respond to Complaint [ECF Nos. 20, 23]**

In their second motion for extension of time (ECF No. 20) to respond to the complaint, defendants seek an extension of time until April 5, 2017, to file a response to the complaint. Defendants also filed, as a motion, a "Supplemental Statement" in support of the second motion for extension of time. (ECF No. 23.) That statement indicates that on March 21, 2017, defense counsel conferred with the Plaintiff regarding the Defendants' second motion for extension of time, and the Plaintiff consented to the motion. (ECF No. 23 at 1.) The (ECF No. 20) second motion for extension of time is granted absent objection and for good cause shown. Because the (ECF No. 23) supplemental statement in support of the second motion for extension of time seeks no relief, it was improperly filed as a motion for extension of time. Accordingly, it is denied.

II. **Plaintiff's Motion for Appointment of Counsel [ECF No. 16]**

The Plaintiff as a civil litigant does not have a constitutional right to the appointment of counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent

---

(D. Conn.), *Castellano v. Murphy, et. al.*, 10-cv-794 (D. Conn.).

2

litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added). The Second Circuit has made clear that before an appointment is even considered in a civil action, the indigent person must demonstrate that he or she is unable to obtain counsel or legal assistance. *See Hodge*, 802 F.2d at 61.

The Plaintiff claims that he is not an attorney and cannot afford the services of an attorney. (ECF No. 16 at 1.) He contends that as a non-lawyer, he cannot meet deadlines or effectively litigate this case. (*Id.*) He has made no attempts to secure the assistance of counsel prior to filing this motion. Furthermore, the Plaintiff does not indicate that he made any attempts to contact the Inmate Legal Aid Program[2] with regard to any questions he might have about litigating this case, including how to conduct discovery. Because there is a possibility that the Plaintiff may be able to secure legal assistance or representation independently, the motion for appointment of counsel is denied by the Court at this time. *See Hodge*, 802 F.2d at 61.

### III. Plaintiff's Motion for Extension of Time to Conduct Discovery [ECF No. 18]

The Plaintiff seeks an extension of time to begin conducting discovery until the Court rules on his motion for appointment of counsel. He claims that he is unable to "facilitate proper discovery or to cite to legal precedents(s), due in part, to Osborn Correctional Institution not providing access to law library materials." (ECF No. 18 at 1-2.) The Court has now ruled on the Plaintiff's motion for appointment of counsel and has noted that the Plaintiff may seek assistance

---

[2] Attorneys at the Inmate Legal Aid Program may be contacted at the following address and telephone number: Inmate Legal Aid Program, Bansley | Anthony l Burdo, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

from the Inmate Legal Aid Program to the extent that he has questions regarding how to conduct discovery.

The Court liberally construes the motion as a request to extend the time period to conduct discovery. The motion is granted. The discovery deadline is extended for an additional ninety days from the date of this order, i.e., until November 8, 2017.

## IV. Plaintiff's "Motion for Extension Nunc Pro Tunc" [ECF No. 21]

The Plaintiff states that on January 16, 2017, he submitted a Freedom of Information Act ("FOIA") request to the Department of Correction and a FOIA request to the Department of Public Health.[3] (ECF No. 21 at 1.) On January 19, 2017, the Department of Correction's FOIA liaison responded to the Plaintiff's requests and indicated that he would be hearing from the FOIA office in the near future. (ECF No. 21-1 at 3.) The Plaintiff seeks an extension of time in order to receive the materials he requested pursuant to his FOIA requests. (ECF No. 21 at 2.) The process of obtaining documents through FOIA requests is independent of the discovery process and this litigation. In any event, in the prior section of this ruling, the Court is extending the discovery period to November 8, 2017. Therefore, this motion is denied.

## V. Plaintiff's Motion for Discovery, Disclosure and Inspection [ECF No. 22]

The Plaintiff motion for discovery is actually a request for production of documents. (ECF No. 22 at 1)(stating Plaintiff "respectfully files this motion for discovery, disclosure and inspection of the following materials: (1) any and all documents, photograph(s), reports, memorandums, or sanctions, received, [or] filed against Osborn Correctional Institution….(2)

---

[3] The plaintiff has attached as exhibits to this motion the FOIA requests to Department of Corrections and the Connecticut Department of Health as well as the Department of Correction's response to his FOIA request. (ECF No. 21-1 at 1-3.)

4

any and all documentation pertaining to efforts made to remove 'PCB'. Asbestos from Osborn Correctional Institution….(3) Any and all documentation through Freedom of Information Act, including but not limited to[,] Department of Correction maintenance records….(4) any and all documentation related to the claims presented by plaintiff….")  Discovery requests are to be served on the opposing party's counsel and are not to be filed with the Court pursuant to Local Rule 5(f).  D. Conn. L. R. 5(f) ("Pursuant to Fed. R. Civ. P. 5(d),…requests for documents…shall not be filed with the Clerk's Office except by order of the Court.")

The Court will not construe the motion as a motion to compel because it is not clear that the Plaintiff served the request for production of documents on counsel for the defendants or made any effort to resolve any discovery dispute prior to filing the motion.   In addition, the Court notes that the request for production of documents fails to comply with Federal Rule of Civil Procedure 34 in that it is not addressed to a party in this action.  *See* Rule 34(a), Fed. R. Civ. P. ("A party may serve on any other party a request . . . (1) to produce and permit the requesting party or its representative to inspect, copy, test or sample the following items in the responding party's possession, custody or control: (A) any designated documents or electronically stored information . . . . or (B) any designated tangible things").  The discovery request was improperly filed as a motion and is denied.

**VI.**   **Plaintiff's Motion to Amend [ECF No. 27], Defendants' Motion to Dismiss, [ECF No. 24]**

The Plaintiff seeks leave to file an amended complaint.  Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend his complaint once as of right "within: (A) 21 days after serving [the complaint], or (B) if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a

motion" to dismiss, a motion for a more definite statement or a motion to strike, "whichever is earlier."  The complaint filed in this action is a pleading to which a responsive pleading is required.  *See* Rule 12(a)(1), Fed. R. Civ. P.  The Defendants filed a motion to dismiss the complaint on April 10, 2017.

The Plaintiff's motion to amend was filed on May 3, 2017.  The Court considers the Plaintiff's motion to amend as having been filed within the twenty-one day period after the motion to dismiss was served on the Plaintiff by mail on April 14, 2017.  *See* Fed. R. Civ. P. 6(d) ("When a party must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a).")  Thus, under Rule 15(a)(1)(B), the Plaintiff need not seek the Court's permission to amend and may amend as of right.  Accordingly, the motion to amend is denied as moot.

The Plaintiff has not filed a proposed amended complaint with his motion.  Thus, the Court will permit the plaintiff thirty days to file an amended complaint.   In view of this order, the motion to dismiss the complaint is denied without prejudice.

## VII. Conclusion

For the reasons set forth above, the Court hereby rules as follows:

The Defendants' Second Motion for Extension of Time [**ECF No. 20**] until April 5, 2017 to file a response to the complaint is **GRANTED** absent objection and for good cause shown.  The Defendants' Supplemental Statement in Support of the Second Motion for Extension of Time [**ECF No. 23**] is **DENIED** as improperly filed as a motion for extension of time.

The Plaintiff's Motion for Appointment of Counsel [**ECF No. 16**] is **DENIED** without prejudice to refiling at a later stage of litigation.  Any renewal of this motion shall be

accompanied by a summary of any attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which the plaintiff made those contacts and the reasons why assistance was unavailable.

The Plaintiff's Motion for Extension [**ECF No. 18**] to conduct discovery is **DENIED**. The Plaintiff's "Motion for Extension Nunc Pro Tunc" [**ECF No. 21**] to receive documents is **DENIED.** The Motion for Discovery, Disclosure and Inspection [**ECF No. 22**], which is actually a request for discovery is **DENIED** as improperly filed with the Court.

Because the Plaintiff may amend the complaint as of right, the Motion to Amend [**ECF No. 27**] is **DENIED** as moot, and the Motion to Dismiss, [**ECF No. 24**] is **DENIED** without prejudice. **The Plaintiff may file an amended complaint within thirty (30) days of the date of his order.** If the Plaintiff chooses not to file an amended complaint within the time specified, the case will proceed as to the claims remaining in the Complaint as set forth in the Court's Initial Review Order, ECF No. 7, and the Defendants may simply file a short statement renewing their motion to dismiss and incorporating by reference their prior briefing. Further, if the Plaintiff chooses to amend his complaint, and if Defendants choose to renew their motion to dismiss, Defendants may incorporate by reference their prior briefing and/or may file a supplemental brief.

Further, the parties shall complete discovery within ninety (90) days of the date of this order, i.e., November 8, 2017. Motions for summary judgment, if any, must be filed within one-hundred and twenty (120) days of the date of this order, i.e., December 8, 2017.

SO ORDERED at Hartford, Connecticut this 10th day of August, 2017.

/s/_____
Michael P. Shea
United States District Judge